# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANA P. FELLER,**

                **Plaintiff,**

**-vs-**                              **Case No.  6:11-cv-345-Orl-28GJK**

**WELLS FARGO ADVISORS, LLC,**
                **Defendant.**

_____

## ORDER

Plaintiff, Ana P. Feller ("Plaintiff"), brings this action against her former employer, Defendant Wells Fargo Advisors, LLC ("Defendant"), seeking damages, rescission of a promissory note, and injunction of an arbitration proceeding.  The case is now before the Court on Defendant's Amended Motion to Dismiss and to Compel Arbitration (Doc. 20).  As set forth below, Defendant's Motion must be granted insofar as it seeks to compel arbitration of Plaintiff's claims.[1]

### Background

Plaintiff was employed by Defendant or its predecessor, Wachovia Securities, LLC,[2] as a financial advisor from June 2006 until December 2008.  Around the time that her employment commenced, Plaintiff signed several agreements that contained arbitration clauses, including a promissory note ("the Note") (Doc. 20-1) in which she promised to pay

---

[1]Plaintiff has also filed a motion for a temporary and permanent injunction (Doc. 3). For the same reasons that Defendant's Motion to Compel is being granted in this Order, Plaintiff's motion for an injunction must be denied.

[2]References herein to "Defendant" shall be understood to refer to either Wachovia Securities, LLC or Wells Fargo Advisors, LLC.

Defendant $183,309.00.

In March 2010, Defendant initiated an arbitration proceeding with the Financial Industry Regulatory Authority ("FINRA") seeking to recover from Plaintiff the balance remaining due on the Note.  Plaintiff moved to stay the arbitration, but in October 2010 FINRA advised the parties that the Motion to Stay would not be granted and that the arbitration would proceed.  Five months later, in March 2011, Plaintiff filed this lawsuit in state court. Defendant removed the case to this Court several days later.  In the Complaint (Doc. 2), Plaintiff sets forth six counts:  fraud in the inducement; rescission of promissory note; equitable estoppel; injunction; breach of contract; and fraud.  Defendant now asks this Court to compel arbitration and to dismiss this case.

**Analysis**

"[T]he [Federal Arbitration Act] requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2-4 ).  "Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute:  (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999) (citing Terminix Int'l Co. v. Ponzio, 693 So. 2d 104, 106 (Fla. 5th DCA 1997)).  Waiver is not at issue here, and thus only the first two elements are addressed in this Order.

-2-

There are four potential agreements to arbitrate at issue here—one contained in the Note itself (Doc. 20-1); one in a Uniform Application for Securities Industry Registration or Transfer ("the U4") (Doc. 20-4); one in an Offer Summary (Doc. 20-2) that confirmed Plaintiff's employment and compensation arrangement with Defendant; and one in a memorandum from Defendant to its employees with the subject: "Pre-Dispute Arbitration Clause" (Doc. 20-5).  Plaintiff concedes that the arbitration clause in the Note is valid.  (See Pl.'s Resp., Doc. 22, at 5).  Thus, there is at least one valid written arbitration agreement here.

However, Plaintiff argues that her claims are not within the scope of the Note's arbitration clause.  That clause provides:

> Arbitration Clause.  Wachovia and you agree that any action instituted as a result of any controversy arising out of this Note, or as a result of any section interpretation thereof, shall be brought before the arbitration facility of the National Association of Securities Dealers to the exclusion of all others.  You agree that arbitration shall be your exclusive remedy and that the results of such arbitration shall be final and binding upon you. Judgment upon any award rendered by an arbitration panel may be entered in any state or federal court of competent jurisdiction.

(Doc. 20-1 at 2).  Plaintiff argues that the Note only requires arbitration of "any controversy arising out of this note, or as a result of any section interpreted thereof," and she contends that the Note's arbitration clause "does not require the issue of formation of the Promissory Note to be arbitrated."  (Pl.'s Resp. at 6).  She contends that her claims for rescission and fraud in the inducement are outside the scope of the Note's arbitration clause because there would not be any agreement to arbitrate but for the alleged fraud in the inducement; she avers that claims of fraud are "outside the promissory note."  (Id. at 8).

However, a claim of fraud in the inducement is an arbitrable claim where—as is the situation here—there is a broad arbitration clause and the claim pertains to fraud in the inducement of the entire agreement at issue rather than to fraud in the inducement of the agreement to arbitrate itself. See, e.g., Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444-46 (2006) (discussing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967)); Jenkins v. First Am. Cash Advance of Ga., LLC, 400 F.3d 868, 876-77 (11th Cir. 2005). Plaintiff does not allege that she was fraudulently induced to sign the arbitration clause in the Note or any of the other arbitration clauses at issue here; she alleges that she was fraudulently induced to leave her former employment, sign the Note and other documents, and commence employment with Defendant. (See Compl., Doc. 2). Her argument that her fraud in the inducement and rescission claims are not arbitrable is contrary to settled law. Thus, the Note's arbitration clause is valid and requires arbitration of Plaintiff's claims, including the issue of fraud in the inducement regarding the Note.

Moreover, although Plaintiff challenges the validity of the other arbitration agreements that she signed, the Court finds those arbitration clauses to be valid and enforceable as well. The Offer Summary that Plaintiff signed on June 9, 2006 contained an arbitration clause requiring Plaintiff to arbitrate "any action instituted as a result of any controversy arising out of this Offer Summary and/or the interpretation thereof, or [her] employment or termination of [her] employment." (Doc. 20-2 at 4). Plaintiff contends that the Offer Summary was modified by the Note and that the arbitration clause in the Offer Summary was superseded by the arbitration clause in the Note. However, Plaintiff presents no persuasive argument or authority for her position that the Note modified the Offer Summary or rendered the Offer

Summary's arbitration clause a nullity.

Additionally, the U4 that Plaintiff signed on June 9, 2006 included a clause providing that Plaintiff "agree[s] to arbitrate any dispute, claim or controversy that may arise between [her] and [her] firm . . . that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD, NYSE, and AMEX][3] as may be amended from time to time." (Doc. 20-4 at 10) (italics removed).  Plaintiff argues that the arbitration clause in the U4 is invalid because she signed the U4 four days before she signed the memorandum from Defendant to its employees regarding "Pre-Dispute Arbitration Clause."  That memorandum states in part that "[t]he NASD requires us to inform or remind you that the Form U-4 includes a Pre-Dispute Arbitration Clause" and that "[b]efore signing the Form U-4, you should understand" several things about the effect of the arbitration clause.  (Doc. 20-5).

Plaintiff argues that the arbitration clause in the U4 is not binding because the U4 was signed on June 9, 2006—four days before the memorandum with the reminder about the U4's arbitration clause was signed on June 13.[4]  However, Plaintiff does not dispute that she

---

[3]The arbitration clause in the U4 states that Plaintiff agrees to arbitrate matters required to be arbitrated by the rules of the self-regulatory organizations ("SROs") indicated in Section 4 of Plaintiff's U4; in that section, the applicable SROs are the NASD, NYSE, and AMEX, (Doc. 20-4 at 2).

[4]Defendant asserts that the memorandum with the subject heading "pre-dispute arbitration clause" is itself a fourth arbitration agreement.  Plaintiff does not seem to dispute that this document could constitute an arbitration agreement, but she responds that this document is not valid because there is no "corresponding" U4. (Pl.'s Resp. at 5).  This document appears to be a reminder to Defendant's employees—required by NASD rules—regarding the fact that U4s contain arbitration clauses; it does not seem to amount to an arbitration agreement in of itself.  However, no ruling need be made in this regard. The other three agreements discussed in the text are sufficient to compel arbitration of Plaintiff's claims.

signed the U4 containing the arbitration clause as well as the memorandum acknowledging that she understood that the U4 contained an arbitration clause.  Plaintiff cites no legal authority for the proposition that the fact that she signed the memorandum four days later renders the U4's arbitration clause invalid, and the Court is not persuaded by this argument. Additionally, that clause is broad and encompasses the claims Plaintiff seeks to bring in this lawsuit.  See Singer v. Gaines, 896 So. 2d 851 (Fla. 3d DCA 2005).

### Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Amended Motion to Dismiss and to Compel Arbitration (Doc. 20) is **GRANTED** insofar as it seeks to compel arbitration and is **DENIED** insofar as it seeks dismissal.

2.  Plaintiff's Motion for Temporary and Permanent Injunction (Doc. 3) is **DENIED as moot.**

3.  This case is **STAYED** pending further order of the Court. The Clerk of the Court is directed to administratively close the file.  The parties shall file a joint report of arbitration every ninety (90) days.

**DONE** and **ORDERED** in Orlando, Florida this 3rd day of August, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record